One of the tests for classification in paragraph 353, which was laid down in the *Dryden* case, *supra*, is that the machine must be essentially an electrical article. In other words, "* * * The electrical feature must be an essential feature, without which the article will not function, normally, for the purposes intended, * * *." Based upon the testimony of the witness Meisler, the "essential feature" test has not been established.

The micro switch, represented by exhibit 2, is shown on the diagram, exhibit 1, and is located on the lower-left section of the engine. It serves as a safety device, and its function is to stop the operation of the machine when the oil pressure provided by an internal pump to the lubrication system is low. The micro switch is so constructed that it will shut down the engine completely and prevent damage to it. We do not regard that feature as sufficient to characterize the imported machine as one having as an essential feature an electrical element. The micro switch stands in relation to the subject machines as did the electro-magnet separator with relation to the grinding mill in the *Perkins* case, which was used to extract metal particles from the cocoa nibs, as to which the court stated:

* * * There is no direct connection between the function of the electro-magnet and the mill *per se*, the former merely constituting an auxiliary although a desirable step in the reduction of cocoa nibs to chocolate liquor.

The analogy to the present case is obvious.

For the reasons stated, the claim of plaintiff for classification of the importations as machines, finished or unfinished, not specially provided for, and parts thereof, in paragraph 372 of the Tariff Act of 1930, as modified by the Sixth protocol, *supra*, is sustained and the merchandise in issue is dutiable at the appropriate rates of duty, depending upon the dates of entry.

Judgment will issue accordingly.

**No. 66096.**—Metasco, Inc., and Raleigh Industries of America, Inc. *v*. United States, protests 60/7544–S and 310835–KS (Galveston).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 66097.**—Hercules Div., Amer. Mach. & Fdry. Co., et al. *v*. United States, protests 60/13902, etc. (Seattle).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 C.C.P.A. 152, C.A.D. 750), the claim of the plaintiffs was sustained.

**No. 66098.**—Eric Wedemeyer, Inc., et al. *v.* United States, protests 60/7949, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of electric vacuum brushes similar in all material respects to those the subject of *Bruce Duncan Company, a/c Sims-Worms* v. *United States* (45 Cust. Ct. 85, C.D. 2202), the claim of the plaintiffs was sustained.

**No. 66099.**—J. C. De Jong & Co., Inc., et al. *v.* United States, protests 60/21518, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of brass pole rings similar in all material respects to those the subject of *Kroder Reubel Co., Inc., et al.* v. *United States* (44 Cust. Ct. 274, C.D. 2186), the claim of the plaintiffs was sustained.

**No. 66100.**—Gehrig, Hoban & Co., Inc. *v.* United States, protest 60/28247 (New York).

Opinion by LAWRENCE, J. From a review of the record in this case, the court found nothing tending in any way to overcome the presumption of correctness attaching to the classification by the collector. The protest was, therefore, overruled.

**No. 66101.**—Ferri Bros., Inc. *v.* United States, protest 60/28795 (C) (New York).